# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILIP HUGHES,

    *Petitioner*,

vs.

HOWARD SKOLNIK, *et al.*,

    *Respondents*.

2:10-cv-00805-KJD-VCF

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court following initial review under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") of the petition (#1) and subsequent verifications (## 4 & 5). Following upon said review, a response will be directed.

IT THEREFORE IS ORDERED the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her office along with copies of ## 1, 3, 4 & 5 in a manner consistent with the Clerk's current practice (*e.g.,* as an attachment with this order or by regeneration of notices of electronic filing, in the Clerk's discretion).

IT FURTHER IS ORDERED that, within **sixty (60) days** of entry of this order, respondents shall answer, or otherwise respond to the petition, including by motion to dismiss. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the petition and which are entered pursuant to Habeas Rule 4.**

IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, at the same time as their initial response, and without regard to whether the initial response is a motion to dismiss or instead an answer, respondents shall file a single set of state record exhibits relevant to the petition, in **chronological** order and indexed as discussed, *infra*, which shall include but not necessarily be limited to copies of all of the following:

    (a)    the minutes in the justice court and district court proceedings in all related matters, including the discontinued prosecutions;

    (b)    all charging instruments, including amendments thereto, and including those in the related but discontinued prosecutions;

    (c)    all material state court record materials pertinent to Ground 3(A) of the petition (incorrectly designated as a first Ground 3(B)) that are not protected by grand jury secrecy requirements, including *Marcum* notices and correspondence re: same (with inclusion of same as exhibits with writ petitions sufficing), all writ petitions filed and briefing and decisions thereon, and all transcripts containing on-the-record discussion leading up to the State's decision to seek further charges before the grand jury;

    (d)    the trial transcript, excepting the voir dire except as to any portions of the voir dire transcript containing material argument or discussion related to issues raised in the petition;

| | | |
|---|---|---|
| (e) | the parties' submissions on petitioner's motion for new trial; |
| (f) | the transcript from the evidentiary hearing on the motion for new trial; |
| (g) | the state district court's decision on the motion for new trial; |
| (h) | the judgment of conviction and any amendments thereto; |
| (i) | the briefing and/or fast-track statements on direct appeal; |
| (j) | the order of affirmance on direct appeal; |
| (k) | the state post-conviction petition, supplement, and any other papers filed in the state district court presenting claims on post-conviction review; |
| (l) | the state district court's decision on post-conviction review; |
| (m) | the parties' briefing on the post-conviction appeal; |
| (n) | the decision of the Supreme Court of Nevada on post-conviction review; and |
| (o) | any petitions for rehearing, all briefing thereon, all orders resolving same, and the remittitur issued. |

IT FURTHER IS ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71.  The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments.  In short, counsel, whether for respondents or petitioner, shall not file exhibits in a manner that requires this Court or a reviewing court to go "fishing" through multiple unmarked attachments to find specific exhibits.

IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the Las Vegas Clerk's Office.

/ / / /

/ / / /

/ / / /

1    IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of
2 the answer, motion to dismiss, or other response to file a reply or opposition.
3    DATED: February 3, 2012

_____
KENT J. DAWSON
United States District Judge