UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP HUGHES, | Case No. 2:10-CV-805-KJD-VCF |
| Petitioner, | |
| v. | ORDER |
| HOWARD SKOLNIK, et al., | |
| Respondents. | |

This represented habeas matter brought under 28 U.S.C. § 2254 comes before the Court for a final decision on the merits.

**I. Background**

Petitioner Philip Hughes challenges a 2002 state court jury verdict convicting him of four counts of sexual assault of a minor under fourteen years of age and two counts of lewdness with a child under the age of fourteen. He directly appealed the conviction, and petitioned for post-conviction relief in the state courts. Additional facts will be provided below as necessary.

**II. Standard on Review**

Congress, through 28 U.S.C. § 2254, provided for habeas corpus relief in cases such as this, but only in very limited circumstances which are "highly deferential" and "difficult to meet." Cullen v. Pinholster, 131 S. Ct. 1388, 1398, (2011). Relevant here, relief is unavailable unless resolution of the underlying matter in the state courts "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United states; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. at 1398 (quoting 28 U.S.C. § 2254(d)). Under either prong, the petitioner carries the burden of proof. § 2254(e)(1).

A state court decision is "contrary to" clearly established federal law if (1) it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or (2) it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent. Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003). Thus, "[a] federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous. Id., 540 U.S. at 17. Nor is this a subjective inquiry; rather, "the federal court should ask whether the state court's application of clearly established federal law was objectively unreasonable. Williams v. Taylor, 529 U.S. 362, 365 (2000).

As for a state court's factual determinations, a reviewing federal court must be "particularly deferential." Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004). Such determinations may be overturned only if they are "objectively unreasonable." Id., 393 F.3d at 972. This underscores the simple point made in 28 U.S.C. § 2254(e)(1), that the state court determination of a factual issue shall be presumed to be correct unless rebutted by clear and convincing evidence. Thus, "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004).

Lastly, § 2254 does not require "a statement of reasons" from the adjudicating state court. Harrington v. Richter, 131 S. Ct. 770, 784 (2011). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id., 131 S. Ct. at 784. To be clear, the standard is "difficult to meet . . . because it was meant to be." Id., 131 S. Ct. at 786.

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. Id., 131 S. Ct. at 786 (internal quotation marks omitted).

**III. Analysis**

    **A. Ground One: Due Process in Translation**

    Hughes alleges that he was denied due process of law in violation of the Fifth and Fourteenth Amendments because his translator allegedly rendered an incomplete and therefore inaccurate translation of a witness's testimony. The Supreme Court of Nevada rejected this claim for the following reasons:

    First, the Court found that the interpreters satisfied the statutory requirements found in NRS 50.054(2), which notably center around "the best of [the translator's] ability." Second, the Court found that the interpreters satisfied Ninth Circuit because "[w]hile the general standard for interpreters requires continuous word-for-word translation, occasional lapses in the standard will not necessarily contravene a defendant's constitutional rights." United States v. Long, 301 F.3d 1095, 1105 (9th Cir. 2002). Third, the Court found that any missed responses were later repeated and properly interpreted, and that the witness was "fully examined during direct, cross, redirect and recross examination . . . evidenced by 119 pages of her testimony transcript." (#10, Ex. 5 at 3). Further, "Defense counsel was diligent in rephrasing his questions and identifying inappropriate responses that required [] follow-up questions." (#10, Ex. 5 at 3). Ultimately, the Court concluded that for the above reasons, "no contravention of important constitutional rights occurred in connection with the in-court interpretation of [the witness's] testimony." (#10, Ex. 5 at 3).

    Here, Hughes has failed to cite a single decision of the Supreme Court governing the adequacy of translation relating to due process concerns. This failure is understandable as the Court has been unable to find any such precedent in its own research. But, in the absence of a Supreme Court decision, Hughes cannot argue—let alone prove—that the state court decision

3

was either "contrary to" or "unreasonably applied" Supreme Court precedent. See, e.g., Runningeagle v. Ryan, 686 F.3d 758, 776 (9th Cir. 2012) cert. denied, 133 S. Ct. 2766 (2013) (finding no Supreme Court precedent establishing a relevant standard, precluding habeas relief).

Further, Hughes has failed to establish that the state courts unreasonably determined the facts noted above for two reasons. First, Hughes failed to provide evidence that would undercut the facts and reasoning of the state court, much less clear and convincing evidence sufficient to rebut the presumption in favor of the state court's factual determination. Second, reviewing the record, including the state evidentiary hearing and the trial transcript, the Court is convinced that the state court's findings of fact were wholly reasonable.

For all of the above reasons, no relief may issue on Ground One.

**B. Ground Two: Juror Misconduct**

Hughes alleges that he was denied his right to an impartial jury under the Sixth Amendment by juror misconduct, specifically premature deliberation and consideration of extrinsic evidence.

Turning to the question of premature deliberation, Hughes has not identified, and this Court has not found, any relevant U.S. Supreme Court precedent providing a Sixth Amendment standard for premature deliberation by jurors. Accordingly, Hughes cannot argue—let alone prove—that the state court decision affirming his conviction was either "contrary to" or "unreasonably applied" clearly established federal law. See, e.g., Runningeagle, 686 F.3d at 776 (finding no Supreme Court precedent establishing a relevant standard, precluding habeas relief). However, even if the Court assumes that the Supreme Court has articulated such a standard, Hughes cannot satisfy it. It is at best unclear that any premature deliberation took place, failing to meet Hughes' burden of proof. Further, any error here was harmless. "A constitutional error is harmless when it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Mitchell, 540 U.S. at 17-18 (internal quotation marks omitted). Here, the jurors testified in the evidentiary hearing that the minimal and solely

tangential discussions were ultimately irrelevant to their decisions. As for objectively unreasonable factual determinations, Hughes has failed to argue the Nevada Supreme Court made such a determination. Further, Hughes has fallen far short of overcoming the presumption in favor of factual determinations by clear and convincing evidence.

Turning to the question of extrinsic evidence, Hughes again fails to point the Court to any relevant "clearly established federal law." And, although Supreme Court precedent exists on this point, the Sixth Amendment cases all involved much more significant, and in some cases, deliberate external interference with the deliberation process, making the nature of the misconduct here factually distinguishable from clearly established Sixth Amendment Supreme Court precedent. See Tong Xiong v. Felker, 681 F.3d 1067, 1077 (9th Cir. 2012) cert. denied, 133 S. Ct. 989 (2013). Here, a juror who spoke the witness's language acknowledged that the translator was providing an incomplete translation, and said she would disclose the additional testimony when the jury retired to deliberate. More importantly, all jurors testified at the subsequent evidentiary hearing that the additional testimony was redundant with the witness's previous testimony and was not relevant in the jurors' decisions. Accordingly, even if this conduct were somehow contrary to clear Supreme Court precedent, it would constitute harmless error. See Mitchell, 540 U.S. at 17-18.

Regarding the factual determinations of the Nevada Supreme Court, Hughes has failed to allege that it was objectively unreasonable for that Court to conclude that "no new or different responses were ever revealed to the jury." (#10, Ex. 5 at 3). Further, the Nevada Supreme Court's factual determinations appear wholly reasonable to this Court.

For all of the above reasons, no relief may issue on Ground Two.

**C. Ground Three: Ineffective Assistance of Counsel**

    **i. Legal Standard**

Strickland's two prongs require a defendant to establish that 1) his counsel's representation fell below an objective standard of reasonableness, and 2) that there is a

reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Padilla v. Kentucky, 559 U.S. 356, 366 (2010) citing Strickland v. Washington, 466 U.S. 668 (1984). Further, "[j]udicial scrutiny of counsel's performance must be highly deferential. . . ." Strickland, 466 U.S. at 689. The Court notes that the combination of Strickland's high evidentiary bar with the substantial deference owed to trial counsel's strategy places a heavy burden upon Defendant. Adding to this burden is the exceptionally deferential nature of § 2254 proceedings; Defendant's burden is nearly insurmountable.

### ii. Failure to Inform Hughes of Grand Jury Proceeding

Hughes alleges that he received ineffective assistance of counsel in violation of his Sixth Amendment rights when his counsel failed to inform him of the convening of the Grand Jury, depriving him of his right to testify before it. The Nevada Supreme Court rejected this claim for two reasons. First, Hughes "does not identify what evidence or testimony he would have introduced before the grand jury that would have had a reasonable probability of altering the outcome of the grand jury proceedings." (#10, Ex. 7 at 3). Second, Hughes "cannot demonstrate prejudice because he was ultimately convicted by a jury." (#10, Ex. 7 at 3).

Hughes fails to show that this application of clearly established federal law, and this finding of fact, are objectively unreasonable. Further, this Court would reach the same conclusion as the Nevada Supreme Court.

### iii. Failure to Establish that Hughes Was Being Punished for Going to Trial

Hughes claims that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to establish that the prosecution punished Hughes for going to trial. Hughes alleges he was punished when the prosecution sought (and obtained) an indictment containing additional charges based on the same evidence. It is true that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). However, "[a]n initial indictment . . . does not necessarily define the extent of the legitimate interest in prosecution. U. S. v.

Goodwin, 457 U.S. 368, 380 (1982). "As we made clear in Bordenkircher, the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." Id., 457 U.S. at 382.

The Nevada Supreme Court denied Hughes' petition for the following reasons. First, Hughes failed to demonstrate any facts that would indicate vindictiveness on the part of the state. (#10, Ex. 7 at 4). Second, Hughes failed to demonstrate a reasonable probability of a different outcome had his trial counsel made this argument. (#10, Ex. 7 at 4).

Contrary to Hughes' assertion, no presumption of vindictiveness applies in this case based on the Court's reading of Bordenkircher and Goodwin. Importantly, even if the Court were persuaded that this presumption should apply, the Court could not find that the Nevada Supreme Court's disposition contradicted clear federal law. Rather, Hughes petition is virtually void of relevant facts on this issue, and falls far short of justifying a presumption of vindictiveness. This, in turn, leads the Court to the conclusion that Hughes' trial counsel did not fall below an objective standard of reasonableness in failing to make this argument. Nor does the Court find any probability of a different outcome has Hughes' trial counsel made this argument. Accordingly, the Court cannot find the Nevada Supreme Court's factual findings and application of federal law, were objectively unreasonable.

For all of the above reasons, no relief may issue under Ground Three.

///
///
///
///
///
///
///
///

**D. Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that Defendant "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal alterations omitted) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For all of the reasons articulated by the Court above, the Court will not grant a certificate of appealability. In the Court's considered opinion, the issues here are not debatable, the Court could not resolve the issues in a different manner, and the questions do not deserve encouragement to proceed further.

**IV. Conclusion**

For all of the above reasons, Hughes' petition for habeas relief under 28 U.S.C. § 2254 is **HEREBY DENIED**.

It is **FURTHER ORDERED** that a certificate of appealability is **HEREBY DENIED**.

The Clerk of Court shall enter **FINAL JUDGMENT** in favor of Respondents Skolnik, Palmer, and Masto, and against Petitioner Hughes, dismissing this action with prejudice.

DATED this 17th day of September 2014.

_____
Kent J. Dawson
United States District Judge

8