# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILIP HUGHES,

    *Petitioner*,

vs.

HOWARD SKOLNIK, *et al.*,

    *Respondent*.

2:10-cv-00805-KJD-VCF

ORDER

On September 17, 2014, the court denied petitioner's counseled petition for writ of habeas corpus (ECF #27), and judgment was entered (ECF #28). Before the court is petitioner's motion to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF #31).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

Petitioner seeks reconsideration of this court's denial of his claim that his trial counsel rendered ineffective assistance in violation of his Sixth Amendment rights (ECF #31, p. 2). He asserted as ground 3(B) that his counsel was ineffective by not claiming that the State punished petitioner for exercising his right to go to trial by filing additional charges when petitioner refused to plead guilty in a negotiated deal. *See id.* He now argues that this court failed to "appropriately" apply *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) and *United States v. Goodwin*, 457 U.S. 368, 380 (1982). This court remains unpersuaded. Neither *Bordenkircher* or *Goodwin* dictate that a presumption of vindictiveness on the part of the state applies in this case. Moreover, the petition alleged essentially no facts to support this claim, and no basis exists to determine that the Nevada Supreme Court's disposition of this claim contradicted clearly established federal law. Accordingly, petitioner has failed to make an adequate showing that this court's denial of ground 3(B) should be reversed.

This court denied the petition in its entirety and denied a certificate of appealability (ECF #27). Petitioner now asks, in the alternative, that this court grant a certificate of appealability on this issue and cites to Rule 11(a) of the Rules Governing § 2254 cases (ECF #31, p. 5). However, that rule explicitly

provides that parties may not appeal the denial of a certificate of appealability but may seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

**IT IS THEREFORE ORDERED** that petitioner's motion to alter or amend judgment (ECF #31) is **DENIED.**

DATED June 9, 2015

_____
UNITED STATES DISTRICT JUDGE